UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVSION

| | |
|---|---|
| BOBBIJO A. DEMOINES,<br><br>        Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>        Defendant. | 2:17-CV-13486<br>Hon. Terrence G. Berg |

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Magistrate Judge Patricia T. Morris' July 10, 2018 Report and Recommendation (Dkt. 15). Magistrate Judge Morris recommends that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that the findings and conclusions of the Commissioner be affirmed.

The Court has reviewed Magistrate Judge Morris' report and recommendation, and Plaintiff's objections thereto. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the report and recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law. Consequently, the decision of the Commissioner denying Plaintiff's disability claim is **AFFIRMED**.

# I. Analysis

The Social Security Act (the Act) "entitles benefits to certain claimants who, by virtue of a medically determinable physical or mental impairment of at least a year's expected duration, cannot engage in 'substantial gainful activity.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant qualifies as disabled "if she cannot, in light of her age, education, and work experience, 'engage in any other kind of substantial gainful work which exists in the national economy.'" *Id.*

Under the authority of the Act, the Social Security Administration (SSA) has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The five steps are as follows:

> In step one, the SSA identifies claimants who "are doing substantial gainful activity" and concludes that these claimants are not disabled. [20 C.F.R.] § 404.1520(a)(4)(i).
>
> […A]t step two [the SSA] considers the "medical severity" of claimants' impairments, particularly whether such impairments have lasted or will last for at least twelve months. *Id.* § 404.1520(a)(4)(ii). Claimants with impairments of insufficient duration are not disabled. *See id.* Those with impairments that have lasted or will last at least twelve months proceed to step three.
>
> At step three, the SSA examines the severity of claimants' impairments but with a view not solely to their

duration but also to the degree of affliction imposed. *Id*. § 404.1520(a)(4)(iii). Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the SSA's special list of impairments, or that is at least equal in severity to those listed. *Id*. § 404.1520(a)(4)(iii), (d). The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A person with such an impairment or an equivalent, consequently, necessarily satisfies the statutory definition of disability. For such claimants, the process ends at step three. Claimants with lesser impairments proceed to step four.

In the fourth step, the SSA evaluates claimant's "residual functional capacity," defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. *Id*. § 404.1520(a)(4)(iv), (f). "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id*. § 404.1560(b)(1). Claimants who can still do their past relevant work are not disabled.

[ ]Those who cannot do their past relevant work proceed to the fifth step, in which the SSA determines whether claimants, in light of their residual functional capacity, age, education, and work experience, can perform "substantial gainful activity" other than their past relevant work. *See id*. § 404.1520(a)(4)(v), (g)(1). Claimants who can perform such work are not disabled. See id.; § 404.1560(c)(1).

*Combs*, 459 F.3d at 642–43.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant

3

work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If the analysis reaches the fifth step, the burden transfers to the Commissioner. *See Combs*, 459 F.3d at 643. At that point, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

Judicial review of the Commissioner's final decision is authorized pursuant to 42 U.S.C. § 405(g). If the Appeals Council denies review, then the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Judicial review is circumscribed in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quotation marks omitted) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). This substantial evidence standard is less exacting than the preponderance of evidence standard. *See Rogers v. Comm'r of*

*Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) ("Substantial evidence is ... more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). For example, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509.

Plaintiff raises two objections to the Report and Recommendation, that Magistrate Judge Morris: (1) did not address ALJ's actual findings; and (2) did not address all of Plaintiff's arguments. Dkt. 16. Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1)(C). Plaintiff filed timely objections (Dkt. 16) to the report and recommendation; Defendant filed a response (Dkt. 17) to Plaintiff's objections. The Court conducts a de novo review of the parts of a report and recommendation to which a party objects. *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

As discussed below, Plaintiff's objections do not warrant overruling Magistrate Judge Morris' recommendation. The Court takes each objection in turn here.

## A. The ALJ Applied the Correct Legal Standard

Although Plaintiff does not allege that the ALJ failed to apply the correct legal standard, the Court addresses it here as an element of its de novo review. The record demonstrates the ALJ applied the five-factor test from 20 C.F.R. 404.1520(a). *See* Dkt. 8-2, PageID.51–53. The ALJ identified the correct legal standard, and applied it to his decision-making process.

## B. The ALJ's Decision is Supported by Substantial Evidence

Plaintiff's first objection—that Magistrate Judge Morris did not address ALJ's "actual findings"—is not well-taken, and veers close to being merely a "general objection". *Cf. Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991) (objections must be specific and carefully drawn to identify particular errors in a Magistrate Judge's ruling). Plaintiff claims that the ALJ's opinions were reached in some cases "without explanation." *Id.* at PageID.500–01. Plaintiff claims that "all evidence (including the evidence described within the ALJ's decision) and all three opinions included restrictions on Plaintiff's repetitive use of her arms and hands—while the ALJ found full unrestricted use of both arms without explanation." *Id.*

In fact, the ALJ did take note of this evidence, but concluded that Plaintiff—even her restrictions in mind—could qualify for and perform certain jobs for which there were tens of thousands of openings nationwide. Dkt. 15, PageID.487–490; *see also* Dkt. 8-2, PageID.77–79 (Vocational Expert testifying that Plaintiff could work as a "marker," "ticket taker," and "fast food worker."). What's more, the ALJ did not assess Plaintiff for "full unrestricted functional use of both arms" as Plaintiff claims. Rather, the ALJ limited consideration to Plaintiff's ability to lift, carry, push, and pull just nine pounds. *See* Tr. of ALJ Hearing, Dkt.8-2, PageID.78–79 (ALJ Sloss questioning Vocational Expert). Plaintiff's attorney further questioned the Vocational Expert, asking specifically about limiting the available jobs by adding only occasional arm use:

> Q: What if we've limited this person to not just lifting but to only occasionally using the bilateral upper extremities? Would that affect jobs that you sited?
> […]
> A: Yeah, that would eliminate all three of those jobs.
> Q: Okay. Is it true that the vast majority of light and sedentary unskilled jobs involve the bilateral use of the upper extremities at at least the occasional level?
> A: Yes, that would be true.
> Q: How about frequent, same thing?
> A: The majority of unskilled sedentary work, of course, has to have good use of your bilateral upper extremity and light, yes. It is necessary to have good use, more so, than not. That's subjective anyway.

7

Dkt. 8-2, PageID. 80. But whether the "the vast majority of light and sedentary unskilled jobs involve the bilateral use of the upper extremities at at least the occasional level" is unrelated to the ALJ's findings regarding Plaintiff's upper extremity limitations. If the ALJ concludes, based on substantial evidence, that Plaintiff is not limited to only occasional bilateral use of her upper extremities, then the effect that this limitation has on the available jobs market is irrelevant. And so here, the ALJ did conclude—based on substantial evidence—that Plaintiff's various limitations still rendered her capable of working in several specific job categories for which thousands of job openings are available.

Magistrate Judge Morris correctly noted that Plaintiff's actual complaint here seems to be that "the ALJ should have found an additional restriction as to Plaintiff's repetitive use of her arms and hands." Dkt. 15, PageID.495. In other words, Plaintiff argues that "restrictions in the ALJ's RFC assessment fail to account for her inability to reach, and therefore lack the support of substantial evidence." *Id*.

Magistrate Judge Morris explained in her report and recommendation that the ALJ "must consider all evidence in the record when making a disability decision." Dkt. 15, PageID.490 (internal quotations omitted) (quoting 42 U.S.C. § 423(d)(5)(B)). She also explained the various categories of evidence and information

that the Commissioner may or must consider. Dkt. 15 at *id*. Magistrate Judge Morris also explained that the determination of "whether the claimant meets the statutory definition of disability and how to measure … her [residual functional capacity]" is a decision reserved to the Commissioner, and is not made by any other doctor or medical professional, although the opinions and findings of those people are considered by the Commissioner. *Id*. (citing 20 C.F.R. § 404.1527).[1] As such, the ALJ "does not owe a treating opinion deference on matters reserved to the Commissioner." Dkt. 15, PageID.491. The only opinions that are entitled to dispositive effect are those that "deal with the nature and severity of the claimant's impairments." *Id*. (citing 20 C.F.R. § 404.1527(d); SSR 96-2p, 1996 WL 374188, at *1–2 (July 2, 1996)).

In her report and recommendation, Magistrate Judge Morris says, "[a]lthough Plaintiff locates favorable evidence in the record, the ALJ's written opinion considered that evidence and found it wanting." Dkt. 15, PageID.495. Contrary to Plaintiff's objection that Magistrate Judge Morris did not address the ALJ's "actual findings," she in fact specifically did so, saying,

> As Plaintiff acknowledges, [the ALJ] summarized and discussed the findings of physical therapist Amber

---

[1] *See also* Dkt. 15, PageID.491 ("The ALJ must use a six-factor balancing test to determine the probative value of medical opinions from acceptable sources.") (citing 20 C.F.R. § 404.1527(c).

9

Mayhew, Dr. McClimans, Dr. Kuiper, and Dr. Babcock, as well as Plaintiff's injection regimen and use of braces. (Doc. 10 at PageID.444-448); (Doc. 8 at PageID.56-60). The ALJ also noted, however, a dearth of objective evidence to support Plaintiff's alleged limitations, e.g., (Doc. 8 at PageID.291, 306-308, 315), the fact that Plaintiff's limitations remained quite amenable to treatment, e.g., (*Id.* at PageID.262, 286, 288), an absence of significant weakness, swelling, and instability, e.g., (*Id.* at PageID.279, 288, 307, 327, 368, 409), and an ability to reach, handle, and finger, e.g., (*Id.* at PageID.348). *See generally* (*Id.* at PageID.56-60). That substantial evidence may have supported Plaintiff's desired outcome does not militate against the ALJ's opinion, as the ALJ also rested his findings on substantial evidence. *Accord Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("'The substantial-evidence standard . . . presupposes that there is a zone of choice within the decisionmakers can go either way, without interference by the courts.'" (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986))); *cf., White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) ("[W]e see little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence.").

*Id.* at PageID.495–96. Magistrate Judge Morris went on to observe that "the ALJ did not need to detail the precise reasons he omitted specific restrictions articulated by those medical sources Plaintiff cites, so long as it is clear he adequately considered the opinion." *Id.* at PageID.496 (citing e SSR 06-03p, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006); *Kondrashov v. Comm'r of Soc. Sec.*, No. 16-CV-14044, 2018 WL 1146875, at *5 (E.D. Mich. Feb. 12, 2018), R. &

10

R. adopted, No. 16-14044, 2018 WL 1141802 (E.D. Mich. Mar. 2, 2018); *Price v. Comm'r of Soc. Sec.*, No. 14-CV-13662, 2016 WL 3193025, at *2 (E.D. Mich. June 9, 2016)).

About Plaintiff's compliant that the restrictions in the ALJ's RFC assessment fail to account for Plaintiff's inability to reach and lacked the support of substantial evidence, Magistrate Judge Morris lists the various doctors and other health professionals whose findings the ALJ considered in this regard. Dkt. 15, PageID.14–15. Magistrate Judge Morris notes that, despite reviewing the findings of "physical therapist Amber Mayhew, Dr. McClimans, Dr. Kuiper, and Dr. Babcock, as well as Plaintiff's injection regimen and use of braces...[the ALJ found] a dearth of objective evidence to support Plaintiff's alleged limitations[.]" *Id*. Magistrate Judge Morris pointed out that the ALJ also considered evidence from those doctors and professionals that "Plaintiff's limitations remained quite amenable to treatment," and Plaintiff had "an absence of significant weakness, swelling, and instability,... and an ability to reach, handle, and finger[.]" *Id*.

Magistrate Judge Morris addressed the ALJ's findings in detail and in specific reference to multiple parts of the medical and administrative record. Plaintiff's claim that she failed to do so is not supportable by a review of the filings and record in this case. As such, Plaintiff's first objection is overruled.

**C. The Report and Recommendation adequately addresses all of Plaintiff's arguments.**

In her second objection, Plaintiff says that Magistrate Judge Morris did not address all of Plaintiff's arguments, thereby leaving genuine issues of material fact unresolved. Dkt 16, PageID.503–04. Plaintiff notes four specific issues that Magistrate Judge Morris allegedly failed to address: (1) whether there was evidence of "significant restrictions on Plaintiff's capacity to use her hands and arms productively[,]" (2) whether Plaintiff's wearing of braces and other devices was proof of Plaintiff's significant functional capacity restrictions, (3) that "the ALJ's weighing of opinions supported the opposite conclusion with regard to the functional use of arms and hands[,]" and (4) "whether pinching and turning objects are vocationally relevant aspects of functioning." *See id.* The Court addresses each in turn.

   *1. Whether there was evidence of significant restrictions on Plaintiff's capacity to use her hands and arms productively*

This first issue is misstated by Plaintiff. Magistrate Judge Morris went into detail about how the ALJ weighed and considered various evidence in coming to a determination. Plaintiff's actual objection here is that they simply disagree with the ALJ's finding. The heart of Plaintiff's objection is encapsulated by this sentence, when Plaintiff says, "[a] capacity to reach in a direction once is

irrelevant to question of Plaintiff's capacity to reach even rarely, one-third (occasionally), or two-thirds (frequently) of the time in an entire eight-hour workday." Dkt 16, PageID.503. However, Magistrate Judge Morris observed that "the ALJ did not need to detail the precise reasons he omitted specific restrictions articulated by those medical sources Plaintiff cites, so long as it is clear he adequately considered the opinion." Dkt. 15, PageID.496. Plaintiff believes that the record can only sustain the conclusion she desires—that there are no jobs that Plaintiff can perform—but the ALJ identified several categories of jobs which Plaintiff should be capable of performing.

This is not to say that there is no evidence that Plaintiff might have certain limitations, but Magistrate Judge Morris held that, "[a]lthough Plaintiff locates favorable evidence in the record, the ALJ's written opinion considered that evidence and found it wanting." Dkt. 15, PageID.495; *see also Rogers*, 486 F.3d at 241 ("Substantial evidence is … more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Because Magistrate Judge Morris' report found that the ALJ's decision concerning restrictions on Plaintiff's capacity to use her hands and arms productively was based on substantial evidence, Plaintiff's objection regarding this issue is overruled. *See*

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("[e]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to the ALJ's decision if it is supported by substantial evidence).

   *2. Whether Plaintiff's wearing of braces and other devices was proof of Plaintiff's significant functional capacity restrictions*

Plaintiff argues that the ALJ "provided no rationale for why it rejected [evidence that Plaintiff wore "medically-prescribed devices"] as having no effect on the pivotal residual functional capacity finding." Dkt. 16, PageID.503. Plaintiff then misstates the ALJ's findings when she implies that the ALJ made a finding of "no restrictions on Plaintiff's use of her arms hands[.]" *Id.* at PageID.503–04. Magistrate Judge Morris addressed this issue when she said "the ALJ did not need to detail the precise reasons he omitted specific restrictions articulated by those medical sources Plaintiff cites, so long as it is clear he adequately considered the opinion." Dkt. 15, PageID.496 (citing *Kondrashov v. Comm'r of Soc. Sec.*, No. 16-CV-14044, 2018 WL 1146875, at *5 (E.D. Mich. Feb. 12, 2018), *R. & R. adopted*, No. 16-14044, 2018 WL 1141802 (E.D. Mich. Mar. 2, 2018) (finding "no authority requiring an ALJ to explain each and every limitation or restriction he adopts or, conversely, does not adopt from a physician's opinion.") (other

14

citations omitted)). Although the ALJ did not need to detail his precise reasoning, the ALJ was aware of and considered the braces, as documented in his findings:

> "Dr. McClimans lessened the claimant's work restrictions to no overhead lifting with the right upper extremity, no lifting over 12 pounds with the right upper extremity, and use right elbow brace at work; she was to return in sex weeks. Approximately three weeks later, the claimant returned and requested placement in a long-arm cast for six weeks."

Dkt. 8-2, PageID.56–57 (internal citations to record omitted).

> "In April 2016, the claimant returned to Dr. McClimans for another injection; she reported that she had benefited from the injections in the past….Dr. McClimans administered injections into the claimant's bilateral elbows; he recommended NSAIDS; activity modification, and the continued use of an elbow strap."

Dkt. 8-2, PageID.58 (internal citations to record omitted).

As stated above, the fact is that the ALJ considered the evidence Plaintiff references, but simply afforded it less weight than Plaintiff thinks it deserved. To this point, the ALJ stated, "As noted by both Dr. Babcock and Dr. McClimans, the severity of the claimant's subjective complaints are not supported by objective medical evidence." *Id*. The ALJ considered Plaintiff's braces and other devices in coming to his determination.

### 3. Whether the ALJ's weighing of opinions supported the opposite conclusion with regard to the use of Plaintiff's arms and hands

Plaintiff argues that "the ALJ's weighing of opinions supported the opposite conclusion with regard to the functional use of arms and hands," and that the report and recommendation did not address this argument. Dkt. 16, PageID.504. Plaintiff implies here that the ALJ's residual functional capacity finding is actually less restrictive than the opinions of certain providers. As noted repeatedly in this order, the ALJ's determination does not have to comport perfectly to the opinions of each provider. What's more, the ALJ addressed this issue when he addressed the opinion of Dr. Kuiper. Dr. Kuiper prepared a residual functional capacity assessment and concluded that Plaintiff "could perform work at the light exertional level with the additional limitations of: occasional operation of hand controls with the right upper extremity; occasional climbing of ladders, ropes, and scaffolds; occasional crawling; occasional handling with the right upper extremity; and must avoid concentrated exposure to vibration." Dkt. 8-2, PageID.59 (internal citations to record omitted). The ALJ said, in response to Dr. Kuiper's assessment, "[p]artial weight is given to Dr. Kuiper's opinion. It is not consistent with the record as a while, as evidence received at the hearing level indicates greater limitations in the claimant's lifting ability."

Again, Plaintiff's argument is that the ALJ's conclusion, after having considered the voluminous evidence in the record, is wrong. But the question at hand is whether the ALJ's decision was based on substantial evidence. In this case, the ALJ's decision was clearly based on substantial evidence, even if substantial evidence could also support a different finding. *Bass*, 499 F.3d at 509 ("[R]eversal would not be warranted even if substantial evidence would support the opposite conclusion.").

*4. Whether pinching and turning objects are vocationally relevant aspects of functioning*

Plaintiff alleges last that "the Report and Recommendation did not resolve the dispute between the parties about whether pinching and turning objects are vocationally relevant aspects of functioning." Dkt. 16, PageID.504. This is not a genuine issue of material fact, because the question of the relationship between pinching or turning movements and vocational functioning is addressed properly by the ALJ. The ALJ detailed a functional capacity evaluation conducted by physical therapist Amber Mayhew—and adopted by Plaintiff's treating orthopedist, Dr. McClimans—during which Ms. Mayhew determined that,

> "[Plaintiff] was able to sit and stand for 30 continuous minutes; walk one mile continuously; balance, stoop, kneel, and crouch; reach for objects in all directions with both arms; seize, hold, and grasp as object with either

17

hand; turn an object with her left, dominant hand; pick up a small object with either hand; and climb up and down one flight of stairs. [Plaintiff] had a maximum lifting capacity of nine pounds; a maximum carrying capacity of eight pounds; a pushing and pulling capacity of 80 pounds; and adequate tip pinching capacity of eight pounds. The claimant was unable to crawl; unable to turn an object with her right, non-dominant hand; and did not meet the minimum functional capacity requirement for key pinching or Palmer pinching in either hand."

Dkt. 8-2, PageID.57. The ALJ summed up Ms. Mayhew's conclusions, saying that Plaintiff would be capable of "work in the sedentary exertional category, with the following restrictions: no pushing of more than 80 pounds; no crawling; no turning of objects with the right hand; no key-pinching and no Palmer-pinching." *Id*. The ALJ ultimately afforded partial weight to Ms. Mayhew's evaluation, noting that even though Ms. Mayhew was not "an acceptable medical source," her report had been adopted by Dr. McClimans, lending it more credibility. *Id*. at PageID.60.

Notably as well, key pinching and Palmer pinching are two types of pinch movements, among several.[2] Plaintiff fails to point to evidence in the record of a total inability to pinch. Rather, Plaintiff can only show a possible inability to perform certain specific pinching movements. As such, the ALJ's decision not to exclude all

---

[2] For example, the Court is aware of key-pinching, Palmer-pinching, pad-to-pad pinching, tip-to-tip pinching, and three-jaw chuck pinching.

18

jobs that include any form of pinching was not error, as substantial evidence supported this finding. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("[e]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to the ALJ's decision if it is supported by substantial evidence).

Neither the ALJ nor the Magistrate Judge made an error in "declining to adopt functional limitations based on [the doctors'] treatment records." *Id.*; *cf. Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (existence of medical impairment cannot establish the severity of an impairment under the Act). This objection is thus overruled.

## II. Conclusion

In sum, Plaintiff's objections do not warrant disturbing Magistrate Judge Morris' recommendation. As such, the Court hereby **ACCEPTS AND ADOPTS** Magistrate Judge Morris' report and recommendation (Dkt. 15) as this Court's findings of fact and conclusions of law. Plaintiff's motion for summary judgment (Dkt. 10) is **DENIED**, Defendant's motion for summary judgment (Dkt. 11) is **GRANTED**, and the findings and conclusions of the

Commissioner are **AFFIRMED**.

**SO ORDERED**.

          s/Terrence G. Berg
          TERRENCE G. BERG
          UNITED STATES DISTRICT JUDGE

Dated: November 15, 2018

### Certificate of Service

I hereby certify that this Order was electronically submitted on November 15, 2018, using the CM/ECF system, which will send notification to each party.

          s/A. Chubb
          Case Manager